IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NELSON CALDERSON, B03005, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| WEXFORD HEALTH SOURCES, INC., | )   Case No. 21-cv-1061-DWD |
| ALISA DEARMOND, | ) |
| DR. SIDDIQUI, | ) |
| MOLDENHAUER, | ) |
| E. BERT. | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Nelson Calderson, an inmate of the Illinois Department of Corrections (IDOC), brought this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center (Menard). The case is now in the merits discovery stage, and the parties are deadlocked in a discovery dispute (Doc. 83) and a related Motion for a Protective Order (Doc. 85) concerning the exchange of some of Defendant Wexford Health Sources, Inc., internal guidance and procedures on incidents of chest pain. The Court previously directed the Defendants to provide to Plaintiff: "excerpts of any guidance for a Wexford provider at an IDOC facility in 2019 specific to reports of chest pain or cardiac complications." (Doc. 82 at 6). The Court opined that responsive information might include an excerpt of a Wexford handbook or procedure manual about how to triage a suspected heart attack or chest

pain. (*Id.* at 7). Plaintiff has subsequently moved to compel production of any such documents. (Doc. 83).

In response to Plaintiff's Motion to Compel, Defendants have Moved for a Protective Order (Doc. 85), and they have submitted a subsequent proposed protective order to reflect how the documents can be exchanged while Plaintiff remains incarcerated and unrepresented. In essence, Defendants suggest that Plaintiff will be allotted two hours to view the documents under the supervision of a prison employee, and that he must establish good cause for any addition time that is needed. Plaintiff opposes or asks for a modification of the protective order to at least allow him to review the documents with the assistance of a "prisoner at law" (PAL) or jailhouse lawyer. (Doc. 91). The Defendants oppose the assistance of a PAL in reviewing the documents. (Doc. 92). Plaintiff has also now moved again for appointment of counsel (Doc. 93), and Defendants have Moved to Extend Discovery (Doc. 94).

Frankly, Defendants vehement opposition to sharing minimal discovery in this matter is becoming tiresome, and it strains the bounds of reason and caselaw. The Court appreciates that protective orders are not uncommon in the early phases of discovery, though those same protections tend to fall away at summary judgment and beyond. *See e.g.*, *Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544, 545 (7th Cir. 2002) (While "[s]ecrecy is fine at the discovery stage, before the materials enter the judicial record," "those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality."); *In re Specht*, 622 F.3d 697, 701

(7th Cir. 2010) (Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality). Here, although it is not inconceivable that some materials might benefit from an early protective order, the Court is not convinced that all relevant materials are entitled to secrecy.

For example, the direct terms of Wexford's contract with IDOC and the sums of money exchanged for services might arguably be proprietary or subject to some level of protection (though such documents have not been called for in this case), but it is hard to imagine how a basic triage procedure for common chest pain contains anything secretive. Having presided over many inmate-filed civil rights lawsuits concerning medical care in the IDOC, the Court is independently aware that excerpts of Wexford's manuals frequently change hands during the course of litigation. In fact, the Court recently reviewed a complaint in another case filed by an inmate, to which the inmate appended what appears to be a complete copy of Wexford's Provider Handbook. *Allen v. Jeffreys, et al.*, Case No. 23-cv-3375 (S.D. Ill. 2023) (Doc. 1-2 at 61-86). At bottom, as a contractor for medical services in the prison environment, Wexford may frequently be subject to lawsuits about the policies and procedures for rendering care and the quality of care they render. This is a fact of doing business in this environment, and the sharing of basic information about the care rendered to inmates comes with the territory.

Because the Defendants have made it essentially impossible for the Plaintiff to proceed on his own and to receive the desired (and reasonably limited) information that is relevant to his claims, the Court will now grant Plaintiff's Motion for Recruitment of

Counsel (Doc. 93) and it will appoint him counsel who can assist him in navigating these discovery hurdles.  The Court will also grant the motion to extend the discovery schedule (Doc. 94) and will reset the discovery and dispositive motion deadlines.

In the interim, while counsel enters and appearance and gets up to speed on the file, the Defendants are **<u>directed to prepare a privilege log</u>** of the materials they have identified that are responsive to Plaintiff's discovery requests (as narrowed by the Court's earlier Order at document 82).  The Defendants should be prepared to submit the log to opposing counsel and the Court, and to also tender the responsive documents for in camera review.  The log should also contain specific legal arguments addressing the basis for protection of each item listed.

Discovery shall now be due by August 23, 2024, and any dispositive motions must be filed by September 23, 2024.  Counsel will be appointed by separate order.  The Motion to Compel (Doc. 83) and the Motion for a Protective Order (Doc. 85) shall remain pending.

**IT IS SO ORDERED.**

Dated: February 26, 2024

_____
DAVID W. DUGAN
United States District Judge