IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NELSON CALDERSON, B03005, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| WEXFORD HEALTH SOURCES, INC., | )  Case No. 21-cv-1061-DWD |
| ALISA DEARMOND, | ) |
| DR. SIDDIQUI, | ) |
| MOLDENHAUER, | ) |
| E. BERT. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on the Joint Motion for a Protective Order. (Doc. 113). Prior to the parties filing a Joint Motion, Plaintiff had filed his own pro se Motion to Compel (Doc. 83) seeking the disclosure of a limited subset of documents from Defendant Wexford Health Sources, Inc., concerning procedures for responding to an inmate's cardiac distress. In response to Plaintiff's Motion, Wexford sought a broad protective order that may have made it difficult for Plaintiff to adequately access the materials on his own as an incarcerated litigant. (Doc. 85). To ensure Plaintiff was able to fully and fairly request and review discovery materials, the Court appointed counsel for Plaintiff. Plaintiff's appointed counsel and Defendants' counsel have now crafted a protective order that balances the parties' needs and interests. The Court has reviewed

the terms of the proposed order and finds that at this stage of the litigation, the proposed terms are acceptable. The Court adopts the proposed terms in full:

1. Defendant claims that its Medical Guidelines contain highly sensitive and proprietary business information that could be very valuable to Wexford's competitors if publicly released. Said copies produced in this action shall be stamped with the phrase "Confidential and Subject to Protective Order" (the "Protected Documents"), stamped with the case number (unless otherwise agreed in writing by the parties), and shall be protected and given confidential treatment as described in this Order.

2. Defendant must provide Plaintiff's counsel, Jeffrey K. Suess of Rynearson, Suess, Schnurbusch & Champion, LLC, with copies of such Protected Documents, but Plaintiff's counsel must comply with all other provisions herein. Plaintiff's counsel may discuss the content of the documents with Plaintiff and show Plaintiff the documents but may not provide Plaintiff with copies of the documents.

3. These Protected Documents shall be maintained in confidence by counsel and shall not be disclosed to any person except:

    a. This Court and its officers;

    b. Stenographic reporters;

    c. Counsel for Defendants;

    d. Employees of counsel;

    e. The parties;

    f. Any future Defendant;

    g.    Witnesses deposed and prospective trial witnesses, to the extent the Protected Documents may reasonably be believed to relate to their testimony;

    h.    Wexford Health Sources, Inc. Risk Management and other related employees;

    i.    Claim representative(s) at the insurance company that provides insurance for Defendant(s), to the extent the Protected Documents are necessary to make a determination on settlement or legal strategy;

    j.    Experts retained in this litigation; and

    k.    Other persons agreed to by the parties or permitted by order of this Court upon motion.

4. Except as otherwise provided by this Order or by further order of the Court, the Protected Documents shall be used for no purpose other than prosecuting or defending the above-captioned proceeding and shall be disclosed in the manner provided in and only to the persons identified in Paragraphs 2 and 3, and they shall not be used in any other civil case, criminal case, litigation, or matter.

5. Individuals or entities permitted access to Protected Documents pursuant to Paragraph 3 above are hereby ordered not to show, convey or reproduce any information or document so designated, or parts thereof, or copies thereof, or any matter contained therein, or any abstracts or summaries thereof, to any individual or to any entity who would not otherwise have access to said material under the provisions of this

order, unless they secure the written consent of the designating party or obtain permission from this Court, upon motion and with notice to all parties.

6. Any party may apply to the Court for relief from, or modification of, this Order.

7. After the production of Protected Documents, Plaintiff's counsel may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to reach an agreement as to the designation of the document, the parties are entitled to request that the Court determine whether the document is properly designated as Confidential.

8. This Order is without prejudice to the rights of any party to object to the production of documents or information that it considers to be privileged, irrelevant or immaterial, and shall not be considered a waiver of any applicable privilege or immunity from discovery or as a concession by the designated party that such information is relevant or material to any issue.

9. This Order shall not prevent any of the Protected Documents from being used by the Court or counsel of record at any trial or other proceeding in this action only, subject to such confidentiality provisions as the parties may agree in to in writing or as the Court may then prescribe.

10. Following the termination of this litigation, whether by final judgment and appeal or by settlement, the parties shall destroy or return the Protected Documents. The

Office of the Illinois Attorney General may retain the Protected Documents for the applicable retention period pursuant to Illinois statutory requirements.

11. This Protective Order shall remain in full force and effect after the termination of this litigation, or until canceled, vacated, or otherwise modified by order of this Court. Anyone with knowledge of the contents of this order shall be bound by its terms.

12. Any Protected Document in this proceeding that is filed by a party in support of a Motion or otherwise shall be filed under seal.

## Disposition

Based on the foregoing analysis, Plaintiff's Motion to Compel (Doc. 83) and Defendants' prior Motion for a Protective Order (Doc. 85) are **DENIED** as **MOOT**. The Joint Motion for a Protective Order (Doc. 113) is **GRANTED** and the parties shall adhere to the terms set forth above in this Order.

**IT IS SO ORDERED.**

Dated: July 25, 2024

_____
DAVID W. DUGAN
United States District Judge